**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION**

Bruce E. Baldinger, Esq. (NJ Bar #01837-1984)
**THE LAW OFFICES OF BRUCE E. BALDINGER LLC**
365 South Street
Morristown, NJ 07960
bbaldinger@baldingerlaw.com
908.218.0060
Attorneys for Plaintiff Lithia Ramsey-T, LLC

| | |
|---|---|
| LITHIA RAMSEY-T, LLC d.b.a. PRESTIGE TOYOTA OF RAMSEY :<br><br>Plaintiff :<br>v. :<br><br>CITY LINE AUTO SALES, LLC, STEVEN SAFI and REGINALD BOYD, JR. :<br><br>Defendants : | Case No. |

**VERIFIED COMPLAINT
AND JURY DEMAND**

Plaintiff, Lithia Ramsey-T, LLC doing business as Prestige Toyota of Ramsey ("Prestige"), by and through its counsel, The Law Offices of Bruce E. Baldinger, LLC, states the following for its complaint against defendants City Line Auto Sales, LLC ("City Line"), Steven Safi ("Safi") and Reginald Boyd, Jr. ("Boyd"):

**NATURE OF THE ACTION**

1. This is an action for impersonation and identity theft in violation of *N.J.S.A.* 2C:21-17 *et. seq.* as well as for fraud, conversion, and unjust enrichment all related and arising out of defendants' coordinated illegal and wrongful acts in the of forging of title to a 2018 Mercedes

Benz E400 coupe bearing Vehicle Identification Number WDD1J6F89JF015940 (the "Vehicle") for the purposes of conveying the title to third parties and to deprive Prestige of its rightful ownership of the Vehicle. Among other relief, Prestige asks this Court to award it monetary damages, statutory treble damages, attorneys' fees, interest, and costs.

## PARTIES

2. Prestige is a New Jersey limited liability company with its principal office located at 1096 Rt 17 North, Ramsey, New Jersey. Prestige is a Toyota franchisee which sells new Toyotas as well as other used vehicles obtained through trade-ins and from auction houses and the wholesale market.

3. Upon information and belief based upon filings with the Pennsylvania Secretary of State, Defendant City Line is a Pennsylvania limited liability company with offices at 950 North 7th Street, Allentown, PA. City Line is in the business of wholesaling motor vehicles to other car dealerships.

4. Upon information and belief based upon filings with the Pennsylvania Secretary of State, Safi is the owner of City Line and resides at 3915 Maple Street, Allentown, Pennsylvania.

5. Upon information and belief based upon documents provided at the time of the contemplated transaction inclusive of his state identification card, Boyd is an individual residing at 2018 Avalon Dr., Shelton, CT

## JURISDICTION AND VENUE

9. This Court has diversity jurisdiction under 28 *U.S.C.* § 1332(a) because this action is between a citizen of the State of New Jersey, on the one hand, and citizens of the State of

Pennsylvania and Connecticut, on the other, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. The District of New Jersey is properly venued pursuant to 28 *U.S.C.* § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Prestige's claims occurred in this District and Defendants engaged in activities and caused harm in this judicial district.

**FACTUAL ALLEGATIONS**

11. On or about April 16, 2022, Boyd entered into Prestige's place of business in Ramsey, New Jersey for the purpose of purchasing a used motor vehicle.

12. After inspecting numerous choices, Boyd selected the Vehicle for purchase. In furtherance of the transaction, Boyd provided his financial information and requested that Prestige seek and arrange financing for his purchase of the Vehicle.

13. Through its sources of potential lenders, Prestige was advised that Driveway Finance Corp. ("Driveway") was willing to provide a loan to Boyd. The agreement to provide a loan was subject to the verification of Boyd's financial and personal information. Normally, that process could take a few days.

14. As is customary in the industry, while Prestige was attempting to finalize financing for Boyd, Boyd was permitted to utilize the Vehicle with the assurance that if financing could not be concluded, Boyd would immediately return the Vehicle to Prestige.

15. Once Boyd submitted his information to the finance company, Prestige was informed that Boyd's information – inclusive of his social security number – was false.

16. Contact was immediately made with Boyd who then apologized and provided a completely different social security number. However, that number was proved to be false.

17. Based upon the false personal and financial information submitted by Boyd, Driveway notified Prestige that it was no longer willing to proceed with the loan. Specifically, Driveway's notice to Prestige provided that "we are unable to move forward with this application and will be placing them on the restricted borrower list and they will no longer be eligible for a loan with DFC."

18. Suspicious of a fraud being perpetrated by Boyd, Prestige demanded that the Vehicle be returned immediately.

19. Prestige then looked at public records through a Google search and discovered that Boyd had previously been arrested for identity theft involving twenty different individuals. As part thereof, Boyd had opened up bank accounts and taken out credit cards in their names. Prestige also discovered that Boyd had been arrested in another incident related to the selling of fake iPhones.

20. In response to Prestige's demand for the return of the Vehicle, Boyd stated that he was unable to do so. He made up an array of excuses inclusive of advising Prestige that he had given the Vehicle to his brother who had taken it to California.

21. In a later conversation with Boyd, he stated that his brother had sold the Vehicle and that it could be found on the lot of Phillipsburg Easton Honda ("P.E. Honda").

22. Questioning how the Vehicle could be sold when Prestige had the actual title in its possession, Prestige ran a CarFax report. That report provided that title to the Vehicle had been initially sold on May 12, 2022 with a duplicate title having been issued on May 19, 2022.

23. The CarFax report also confirmed that the Vehicle had been sold to P.E. Honda on May 26, 2022.

24. Toward the end of May 2022, the General Sales Manager of Prestige, Eric StHilaire, contacted P.E. Honda and notified it that P.E. Honda had Prestige's Vehicle on its lot and, further, that the Vehicle had been procured by fraud from Prestige. P.E. Honda informed StHilaire that it had acquired the Vehicle from City Line. Upon information and belief, upon learning of the fraud, P.E. Honda caused City Line to take back the Vehicle.

25. Despite repeated efforts to obtain the return of its Vehicle from City Line, Safi has refused to return the Vehicle and hidden it from Prestige's repossession company. Safi has required the payment of $34,000 in order to return the Vehicle.

26. As a result of the impersonation and identify theft by defendants Boyd, Safi and City Line have deprived Prestige of its Vehicle.

## FIRST COUNT
(Impersonation and Identity Theft – *N.J.S.A.* 2C:17)

27. Prestige repeats and makes a part hereof the allegations set forth in paragraphs 1 through 26 of this Complaint as if said allegations were fully set forth at length herein.

28. Defendant Boyd was provided with the Vehicle pending Prestige's efforts to finalize financing through the verification of Boyd's personal and financial information.

29. In conducting its due diligence, Driveway discovered that the social security number provided by Boyd did not correlate to his other information.

30. After notifying Boyd that his social security number did not match his other reported information, Boyd provided yet another social security number. That second social security number also failed to match his reported information.

31. Suspecting a fraud, Prestige conducted a search on Google and found that Boyd

5

had been arrested for assuming the identity of over twenty individuals. In doing so, Boyd opened bank accounts and took out credit cards under his victims' names.

32. Prestige contacted Boyd and notified him that he needed to return the Vehicle immediately. Boyd made up an array of excuses inclusive of stating that he had provided the Vehicle to his brother who took it to California.

33. Boyd eventually informed Prestige that the Vehicle was on the lot of P.E. Honda. P.E. Honda, in turn, advised Prestige that it had purchased the Vehicle from City Line.

34. A review of the Vehicle's CarFax report and motor vehicle records disclosed that City Line caused a duplicate title to be issued in its name on May 19, 2022. As Prestige had the original title in its possession, City Line, Safi, and Boyd must have necessarily impersonated and/or forged the signature of an authorized agent of Prestige.

35. *N.J.S.A.* 2C:21-17(a) provides that:

> A person is guilty of a crime if the person engages in one or more of the following actions by any means including, but not limited to, the use of electronic communications or an Internet website:
> (1) *Impersonates another* or assumes a false identity and does an act in such assumed character or false identity *for the purpose of obtaining a benefit for himself or another or to injure or defraud another*;
> (2) *Pretends to be a representative of some person or organization* and does an act in such pretended capacity for *the purpose of obtaining a benefit for himself or another or to injure or defraud another*…
> [emphasis supplied].

36. *N.J.S.A.* 2C:21-17.4 provides for a private right of action for those injured under *N.J.S.A.* 2C:21-17. In doing so, it specifically contemplates the issuance of equitable relief as well as the mandatory awarding of treble damages the provi8dnig of counsel fees and costs.

37. By impersonating an authorized agent of Prestige in order to obtain duplicate title,

6

City Line, Safi and Boyd have violated *N.J.S.A.* 2C:21-17.

38.     The Vehicle was sold to Boyd in an arm's length transaction for $40,595.00.

39.     As such Prestige is entitled to judgment against the defendants, jointly and severally, for $121,785.00 along with counsel fees and costs of suit.

Wherefore, demand is herewith made for judgment against Defendants City Line Auto Sales, LLC, Steven Safi and Reginald Boyd, Jr., jointly and severally, as follows:

   a.   Judgment in the amount of $121,785.00;
   b.   Compelling Defendants to return the Vehicle to Prestige;
   c.   Temporary and permanent restraints inclusive of barring Defendants from transferring, assigning or otherwise divesting themselves of title to the Vehicle as well as appointing Prestige as Defendants' attorney in fact for the purposes of having a duplicate title reissued;
   d.   Interest;
   e.   Counsel fees;
   f.   Costs of suit;
   g.   Such further relief as the Court should deem appropriate.

## SECOND COUNT
(Fraud)

40.     Plaintiff repeats and makes a part hereof the allegations set forth in paragraphs 1 through 39 of this Complaint as if said allegations were fully set forth at length herein.

41.     On or about April 16, 2022, Boyd executed documents for the purchase of the Vehicle.

42.     Those documents included the retail sales order along with his credit application in which he represented that the information provided was truthful.

43.     Based upon his statements, Boyd was provided with the Vehicle pending the completion of financing and the confirmation of Boyd's personal and financial information.

7

44. The statements made by Boyd were material as they formed the very basis of the sales transaction. Moreover, had Boyd been truthful regarding his identity and finances, Prestige would not have conditionally turned over the Vehicle to him.

45. After the conducting of due diligence, it was discovered that the statements made by Boyd were false. This falsity included his having provided two fictitious social security cards.

46. In conducting research into Boyd's background through a Google search, Prestige discovered that Boyd had been involved in the impersonation and identity fraud of twenty individuals. In assuming the identify of those persons, Boyd opened up credit card accounts and bank accounts under their names.

47. Prestige demanded the return of the Vehicle but Boyd had already provided the Vehicle to City Line. As such, Prestige has suffered damages.

WHEREFORE Plaintiff, Lithia Ramsey-T, LLC d.b.a. Prestige Toyota of Ramsey demands judgment against Defendant Reginald Boyd, Jr., as follows:

a. Temporary, preliminary and permanent injunctive relief prohibiting Defendants from transferring, selling or divesting himself of title or any interest therein as well as appointing Plaintiff as Defendant's attorney in fact to obtain duplicate or replacement title for the Vehicle;
b. Compelling Defendants to immediately return the Vehicle to Prestige;
c. Compensatory damages in an amount to be determined at trial but in an amount of no less than $45,000.000;
d. Pre-judgment and post-judgment interest on any award of damages;
e. Attorney's fees;
f. Costs of suit; and
g. Such other and further relief as the Court shall deem equitable and just.

## THIRD COUNT
(Conversion)

48. Plaintiff repeats and makes a part hereof the allegations set forth in paragraphs 1 through 47 of this Complaint as if said allegations were fully set forth at length herein.

49. Through false statements and false pretenses, Defendant Boyd was provided with the Vehicle.

50. After conducting its due diligence, Prestige discovered that Boyd had provided materially false information. Based thereupon, Prestige demanded the return of its Vehicle from Boyd.

51. Prestige is entitled to the immediate possession of the Vehicle.

52. Boyd has interfered with Prestige's rights of possession by initially making various false statements such as that his brother drove the car to California when, in reality, he transferred the Vehicle to City Line.

53. As a result, Prestige has suffered damages.

WHEREFORE Plaintiff, Lithia Ramsey-T, LLC d.b.a. Prestige Toyota of Ramsey demands judgment against Defendant Reginald Boyd, Jr., as follows:

a. Temporary, preliminary and permanent injunctive relief prohibiting Defendants from transferring, selling or divesting himself of title or any interest therein as well as appointing Plaintiff as Defendant's attorney in fact to obtain duplicate or replacement title for the Vehicle;
b. Compelling Defendants to immediately return the Vehicle to Prestige;
c. Compensatory damages in an amount to be determined at trial but in an amount of no less than $45,000.000;
d. Pre-judgment and post-judgment interest on any award of damages;
e. Attorney's fees;
f. Costs of suit; and
g. Such other and further relief as the Court shall deem equitable and just.

## FOURTH COUNT
(Unjust Enrichment)

54. Plaintiff repeats and makes a part hereof the allegations set forth in paragraphs 1 through 53 of this Complaint as if said allegations were fully set forth at length herein.

55. By obtaining Prestige's vehicle without payment to Prestige, Defendants Safi, Car Line, and Boyd received a benefit.

56. The retention of the benefit without payment to Prestige would be unjust.

57. As a result, Prestige has suffered damages.

Wherefore, demand is herewith made for judgment against Defendants City Line Auto Sales, LLC, Steven Safi and Reginald Boyd, Jr., as follows:

a. Judgment in the amount of $45,000.00;
b. Interest;
c. Counsel fees;
d. Costs of suit;
e. Such further relief as the Court should deem appropriate.

THE LAW OFFICES OF
BRUCE E. BALDINGER, LLC
Attorneys for Plaintiff Lithia Ramsey-T, LLC

By: _____
BRUCE E. BALDINGER

Dated: June 7, 2022

## VERIFICATION

Harshal Patel, of full age, certifies and state:

1. I am a General Manager of Lithia Motors, LLC. My responsibilities include the

10

management and oversight of Lithia Ramsey-T, LLC, Plaintiff in the above-captioned action, and am authorized to make this verification on its behalf.

2. I have read the foregoing Complaint and hereby verify that all of the statements made therein are true to the best of my knowledge, information and belief.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Harshal Patel

Dated: June 7, 2022