UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **LITHIA RAMSEY-T, LLC,**<br><br>**Plaintiff,**<br><br>**CITY LINE AUTO SALES, LLC, et al.,**<br><br>**Defendants.** | Civil Action No. 22-3592 (MEF) (CLW)<br><br>**OPINION AND ORDER** |

**CATHY L. WALDOR, U.S.M.J.**

This comes before the Court upon Plaintiff's motion for a default judgment as to all defendants, (ECF No. 60), as well as Defendants City Line Auto Sales, LLC and Stephen Safi's cross-motion to vacate default. (ECF No. 61). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves these applications without oral argument. Upon careful consideration of the parties' submissions, as well as the balance of the record for this matter, and for good cause shown, and for the reasons discussed herein, Plaintiff's motion for default judgment is **DENIED WITHOUT PREJUDICE** and Defendants City Line Auto Sales, LLC and Stephen Safi's motion to vacate is **GRANTED**.

I.  **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff alleges that Defendants engaged in "coordinated illegal and wrongful acts in the forging of a title to a 2018 Mercedes Benz E400 coupe . . . for the purposes of conveying title to third parties and to deprive [Plaintiff] of its rightful ownership of the [v]ehicle." (Compl. ¶ 1, ECF No. 1). Plaintiff commenced this action on June 8, 2022, naming City Line Auto Sales, LLC, Steven Safi, and Reginald Boyd, Jr. as defendants, and asserting violations of New Jersey statutory law, as well as common law claims for fraud, conversion, and unjust enrichment. (*Id.* ¶¶ 27-57).

While Plaintiff originally asked the District Court to impose temporary restraints regarding the vehicle in question, (*generally*, *id.*), the parties ultimately "consented to injunctive relief sufficient to preserve the status quo", thereby obviating the need for further judicial involvement in that issue. (June 17, 2022 Order, ECF No. 5). Plaintiff effectuated service on Defendants City Line and Safi on June 15, 2022. (ECF Nos. 10-11).

On June 23, 2022, Plaintiff filed an Amended Complaint wherein it asserted the same claims set forth in its original pleading, but included Rene Vazquez Turpeau as an additional named defendant. (Am. Compl., ECF No. 12). The record reflects that Plaintiff thereafter effectuated service on Defendants Turpeau and Boyd, (ECF Nos. 18, 20, 22), and, at Plaintiff's request, the Clerk of the Court ultimately entered defaults against those defendants.

Defendants City Line and Safi filed a motion to dismiss the First Amended Complaint on July 18, 2022, (ECF No. 19), which the Hon. Kevin McNulty, U.S.D.J. granted by Opinion and Order dated February 9, 2023. (ECF No. 30-31). Specifically, Judge McNulty dismissed the First Amended Complaint "without prejudice to the filing of a second amended complaint that cures the jurisdictional defects in the pleadings", and permitted Plaintiff to "obtain targeted jurisdictional discovery". (Feb. 9, 2023 Order, ECF No. 31). Plaintiff filed a Second Amended Complaint on February 13, 2023, asserting six claims against the existing four defendants. (ECF No. 33).

The undersigned entered a Scheduling Order for Jurisdictional Discovery on March 7, 2023, and thereafter held status conferences over the next several months as the parties engaged in the discovery process. On December 5, 2023, the Court entered a Scheduling Order for Discovery, which set forth deadlines for completion of all fact and expert discovery (i.e., not limited to jurisdictional issues). (ECF No. 49).

On February 22, 2024, Plaintiff filed a request for default against Defendants City Line and Safi, who had not filed any response to the Second Amended Complaint. (ECF No. 51). The following day, those defendants moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (Def. Motion to Dismiss, ECF No. 52). The Clerk of the Court entered defaults against City Line and Safi on March 1, 2024. Per the parties' agreement, and by Stipulated Order dated March 14, 2024, the Court: (1) vacated those entries of default; (2) deemed Defendants' motion to dismiss as withdrawn; (3) permitted Plaintiff to file another amended pleading; and (4) directed Defendants to respond to any amended pleading within 14 days. (March 14, 2024 Order, ECF No. 57).

Plaintiffs filed a Third Amended Complaint on March 19, 2024 asserting eight causes of action and once again naming City Line, Safi, Boyd, and Turpeau as defendants. (*Generally* Third Am. Compl., ECF No. 58). Per the Court's March 14, 2024 Order, Defendants were required to respond to that pleading on or before April 2, 2024. None did so. On April 3, 2024, Plaintiff requested that the Clerk of the Court enter defaults against Defendants City Line and Safi, (ECF No. 59), and the Clerk did so on April 15, 2024. On May 14, 2024, Plaintiff filed a motion seeking a default judgment against all defendants. (ECF No. 60). On May 31, 2024, Defendants City Line and Safi opposed that application and filed a cross-motion to vacate the defaults entered against them. (ECF No. 61). Those applications are now fully briefed and ripe for resolution.

## II. LEGAL DISCUSSION

### a. Defendants' Cross-Motion to Vacate

If the Court ultimately grants Defendants City Line and Safi's cross-motion to vacate, that decision will moot Plaintiff's motion for default judgment as to those parties. In the interest of efficiency, the Court will therefore consider Defendants' cross-motion first. *A.S. v. Plainfield Bd.*

3

*of Educ.*, No. 20-CV-8495 (JMV), 2021 WL 2075854, at *2 (D.N.J. May 21, 2021) ("Plaintiff moves for default judgment and Defendant cross-moves to vacate the clerk's entry of default. In such situations, courts in this district evaluate motions to vacate first.") (collecting cases).

The Court may vacate an entry of default when, in its discretion, it finds that "good cause" exists for doing so. *Doe v. Hesketh*, 828 F.3d 159, 174–75 (3d Cir. 2016) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984); Fed. R. Civ. P. 55(c)). "In exercising that discretion and determining whether 'good cause' exists, [courts must] consider the following factors: '(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.'" *Hesketh*, 828 F.3d at 175 (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). When considering the foregoing, the Court "must remain mindful that . . . default is a sanction of last resort", *Kona Ice, Inc. v. Gonzalez*, No. 17-cv-7757 (ES), 2019 WL 161506, at *1 (D.N.J. Jan. 9, 2019) (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)), and that it "must resolve all doubt in favor of proceeding on the merits." *Id.* (citing *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir.1987)); *Couvertier v. New Jersey Transit Rail Operations, Inc.*, No. 23-cv-3484 (SDW), 2023 WL 8878015, at *1 (D.N.J. Dec. 22, 2023) ("Notably, the Third Circuit 'has adopted a policy disfavoring default judgments and encouraging decisions on the merits.'") (quoting *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)). The Court also observes that "[t]hough motions to vacate entry of default and motions to vacate entry of default judgment consider the same factors, the former are held to a more lenient standard." *Nat'l Specialty Ins. Co. v. Papa*, No. 11-cv-2798 (RMB), 2012 WL 868944, at *2 (D.N.J. Mar. 14, 2012) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir.1982); *GVN IV, LLC v. Salerno*, No. 20-cv-5811 (BRM), 2020 WL 6263992, at *3 (D.N.J. Oct. 23, 2020).

4

Having carefully considered the record, the Court finds that each factor weighs in favor of vacating default here.

First, the Court finds that Plaintiff would suffer minimal prejudice – as judges in this District have defined the term in this context– if the Court were to vacate the entries of default as to Defendants City Line and Safi.  In these circumstances, "prejudice is established when a plaintiff's ability to pursue the claim has been hindered by 'loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'"  *Kona Ice, Inc.*, 2019 WL 161506 at *2 (quoting *Feliciano*, 691 F.2d at 657); *Republic Car Club, LLC v. MPH Imp. & Exp., Inc.*, No. 18-cv-10188 (JBS), 2019 WL 2571171, at *1 (D.N.J. June 21, 2019) ("Prejudice may be shown if 'the non-defaulting party's ability to pursue the claim has been hindered since the entry of the default judgment.") (quoting *Feliciano*, 691 F.2d at 657)).  Nothing in the record suggests that Defendants' default has contributed to the loss of any evidence or otherwise "hindered" Plaintiff's ability to pursue its claims.  Nor does the record reflect any legitimate threat of fraud or collusion.  When addressing prejudice, Plaintiff argues that the vehicle at issue in this matter will continue to depreciate while the case proceeds.  (Pl. Reply Br. at 3, ECF No. 63). Plaintiff is, in essence, discussing the general prejudice inherit in having to wait to litigate this case on its merits, and that Defendants' default has prolonged that delay.  In this District, however, "mere '[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding.'" *Couvertier*, 2023 WL 8878015, at *1 (brackets in original) (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987); *Laurier v. D'ilio*, No. 15-CV-6043-(BRM), 2017 WL 1050578, at *2 (D.N.J. Mar. 20, 2017).  The unusual circumstances of Defendants' default also reflect the minimal likelihood of prejudice.  Unlike a situation in which a defendant has utterly

5

failed to participate, thus denying the plaintiff any opportunity to advance the case on its merits, Defendants City Line and Safi have been actively engaged in this matter, filing a successful motion to dismiss, (ECF No. 19), and, later, participating in jurisdictional and merits discovery.  Put simply, nothing in the record suggests that Defendants' current default, which came about as a result of their failure to timely respond to Plaintiff's Third Amended Complaint, has had any impact on Plaintiff's ability to litigate its claims.

Second, the Court must determine whether Defendants have presented a meritorious defense.  The United States Court of Appeals for the Third Circuit has "'held that a defendant has established a meritorious defense when its 'allegations, if established at trial, would constitute a complete defense.'" *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 140 (3d Cir. 2017) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)); *J Supor & Son Trucking & Riggins Co., Inc. v. Kenworth Truck Co*, 791 F. App'x 308, 315 (3d Cir. 2019). This standard "requires a defendant to 'set forth with some specificity the grounds for his defense.'" *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (quoting *Harad*, 839 F.2d at 982).  "We then look at the substance of that defense to determine whether it is meritorious.  That being said, however, we 'need not decide the legal issue' at this stage of review." *Id.* (internal citations omitted).  Here, after carefully considering the moving defendants' brief, (ECF No. 61-3), and without making any substantive determinations on the arguments contained therein, the Court finds they have articulated a prima facie meritorious defense to Plaintiff's claims (e.g., Defendants' "good faith purchaser" defense; Defendants' arguments regarding identity theft and conspiracy, etc.).  That limited inquiry is all that is required at this stage.

6

Third, the Court must consider whether Defendants' culpable conduct played a role in their default. "Culpability is determined by 'the "willfulness" or "bad faith" of a non-responding defendant.'" *Kelly v. Vigilint Expeditionary Sols., Inc.*, No. 24-cv-503 (MAS), 2024 WL 4607436, at *5 (D.N.J. Oct. 29, 2024) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984)). "The 'culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated.' Intentional disregard for court-mandated procedures and '[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of serious injury,' may be considered culpable conduct." *Id.* (quoting *Kritz*, 732 F.2d at 1183). Here, Defendants City Line and Safi defaulted when they failed to timely respond to Plaintiff's Third Amended Complaint. That default came after approximately twenty months of active litigation, in which those Defendants engaged in dispositive motion practice and significant discovery. Under these circumstances, the Court does not find that Defendants' default was the result of anything more culpable than "mere negligence." *Hritz*, 732 F.2d at 1183.

Having found that each of the relevant factors weigh in their favor, the Court will grant Defendants City Line and Safi's cross-motion to vacate the entry of default. The Court will also set a deadline for those parties to respond to Plaintiff's Third Amended Complaint so that this case may proceed to a resolution on its merits.

### b. Motion for Default Judgment

The Court now turns to Plaintiff's motion for default judgment. (ECF No. 60). In light of the Court's decision above, that application is now moot with regard to Defendants City Line and Safi. Defendants Boyd and Turpeau remain in default and have not opposed or otherwise responded to Plaintiff's motion. That being said, "'[i]f a default is entered against some defendants in a multi-party case, the preferred practice is for the court to withhold granting default judgment

7

until the action is resolved on its merits against the non-defaulting defendants.'" *United States v. Mycek*, No. 19-cv-14115 (JMV), 2021 WL 1986456, at *1 (D.N.J. May 17, 2021) (quoting *Animal Sci. Prods., Inc. v. China Nat. Metals & Mins. Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008)); *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 258 (D.N.J. 2016). "This is because courts do not want to 'create the risk of potentially inconsistent judgments.'" *Mycek*, 2021 WL 1986456, at *1 (quoting *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057 (WJW), 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016)). Indeed, if a plaintiff ultimately "loses on merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Prods., Inc.,* 596 F. Supp. 2d 849 (collecting cases). The Court will therefore deny Plaintiff's motion for default judgment as to Defendants Boyd and Turpeau without prejudice. Plaintiff may renew that application, as appropriate, and with leave of Court, at a later juncture.

### III. CONCLUSION

Based on the foregoing, it is on this 11th day of December, 2024,

**ORDERED** that Defendants City Line Auto Sales, LLC and Stephen Safi's cross-motion to vacate default, (ECF No. 61), is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall vacate the defaults entered against those defendants on April 15, 2024; and it is further

**ORDERED** that Defendants City Line Auto Sales, LLC and Stephen Safi shall respond to the Third Amended Complaint **on or before December 23, 2024**; and it is further

**ORDERED** that Plaintiff's motion for default judgment, (ECF No. 60), is **DENIED AS MOOT** with regard to Defendants City Line Auto Sales, LLC and Stephen Safi and **DENIED**

8

**WITHOUT PREJUDICE** as to Defendants Reginald Boyd, Jr. and Rene Vazquez Turpeau.

<u>s/Cathy L. Waldor</u><br>
**Hon. Cathy L. Waldor**<br>
**United States Magistrate Judge**

cc: Hon. Michael E. Farbiarz, U.S.D.J.